BERRY v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term. May 5, 1904.)

1. LIFE INSURANCE—ACTION ON POLICY—EVIDENCE.

Where plaintiff introduced the policy sued on in evidence, on the back of which appeared a copy of the application purporting to have been signed by insured, and plaintiff herself had stated that deceased made the application, she was estopped to introduce proof that insured never signed the application, for the purpose of obviating the effect of evidence of a physician showing a breach of warranty.

2. SAME—SUFFICIENCY OF EVIDENCE.

Evidence that plaintiff's deceased husband did not sign an application for the policy sued on on a particular occasion was insufficient to establish the fact that he did not sign the policy.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Henrietta Berry against the Metropolitan Life Insurance Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Ritch, Woodford, Bovee & Butcher, for appellant.
Willoughby B. Dobbs, for respondent.

GREENBAUM, J. The defense to this action on a policy of life insurance was a breach of warranty by the insured. The application, a copy of which appeared on the back of the policy, which the plaintiff put in evidence, contained a statement that the insured had "never been under treatment in any dispensary, hospital, or asylum, nor been an inmate of any almshouse or other institution, except two years ago, rheumatism, Mt. Sinai Dispensary." The plaintiff herself admitted on cross-examination that in 1901 her husband, the insured, had been at the Presbyterian Hospital for three days for treatment of his arm, and defendant's proofs tended to establish the same fact. To avoid the effect of this, the plaintiff, after both sides had rested, moved to strike out the physician's testimony. This motion having been denied, she was permitted, over defendant's objection, to give evidence tending to prove that the insured never signed the application for the policy. Both sides practically acquiesced in the theory of the case, as presented to the jury, that, if the insured did make the application, the proofs showed a breach of warranty. In allowing such proof, the trial court clearly committed error. Plaintiff was concluded by her own evidence from establishing this fact. She had herself offered in evidence, and her case rested upon, the policy and claim of loss. The former recited that it was issued "in consideration of the statements in the printed and written application for this policy, a copy of which is hereto annexed, all of which are hereby made warranties and part of this contract," and the copy of the application is marked, "[Signed] Michael J. Barry." In the latter plaintiff herself states in answer to question 20, "Who made application for this insurance? State name and relationship": "Deceased himself." Having asserted her contract, she could not attack

the basis and consideration for it, which she herself proved to support it. Beyond what has been said, she wholly failed in establishing the fact that her husband did not sign the application. Her testimony merely proved that on the occasion of the doctor's visit at their home her husband signed no paper. Non constat that at some other time and at some other place he did sign it. The original application was not brought into court with proof either that there was no signature annexed thereto or that the signature was not that of her husband.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

